UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) No. 4:25-CV-00555 CDP |
| PACIFIC SHORE PROP. MNGMNT, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. [1][ECF No. 2]. Plaintiff's motion will be denied. Additionally, for the reasons discussed below, this case will be dismissed for lack of proper venue. Alternatively, plaintiff's complaint is subject to dismissal as malicious. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### **Background**

In the past month, plaintiff has filed a total of eighteen (18) cases in this Court, ten (10) of which have already been dismissed. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW

---

[1] Plaintiff Cedric Greene lists his wife, Valerie Stephen, as a co-plaintiff in this action. Stephen has not signed the complaint, nor has she paid the $405 filing fee or filed a motion to proceed in forma pauperis in this action. Greene, who is proceeding pro se in this case, may not represent another pro se litigant in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Accordingly, the Court will strike plaintiff Stephen from this action.

-1-


(E.D. Mo. Filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. Filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (E.D. Mo. Filed Mar. 11, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (E.D. Mo. Filed Mar. 12, 2025, dismissed Apr. 9, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (E.D. Mo. Filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (E.D. Mo. Filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-RWS (E.D. Mo. Filed Mar. 19, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (E.D. Mo. Filed Mar. 22, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (E.D. Mo. Filed Mar. 26, 2025, dismissed Apr. 8, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (E.D. Mo. Filed Mar. 30, 2025, dismissed Mar. 31, 2025); *Greene v. Garland County, Arkansas*, No. 4:25-CV-426-SRW (E.D. Mo. Filed Apr. 1, 2025); *Greene v. Salvation Army Bell Shelter*, No. 4:25-CV-432-ACL (E.D. Mo. Filed Apr. 2, 2025); *Greene, et al. v. United States Postal Service*, No. 4:25-CV-451-RWS (E.D. Mo. Filed Apr. 4, 2025, dismissed Apr. 14, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-479 HEA (E.D. Mo. Filed Apr. 9, 2025, dismissed Apr. 10, 2025); *Greene, et al. v. Price Self Storage West LA LLC,* No. 4:25-CV-492 MTS (E.D. Mo. Filed Apr. 12, 2025); *Greene, et al. v. United States of America*, No. 4:25-CV-507 SRW (E D. Mo. Filed Apr. 15, 2025); *Greene v. Access Services, Inc.,* No. 4:25-CV-545 SPM (E.D.Mo. Filed Apr. 19, 2025).

      The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas,

District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff Cedric Greene brings this action against Pacific Shore Property Management and one of its employees, Kristina Villicana, due to perceived unfair treatment relative to an apartment unit owned by Pacific Shore in Los Angeles, California. Greene alleges that he and Stephens were renting a subsidized housing unit in early 2019 located at 4852 St. Elmo Drive #7, Los Angeles, California, and owed unpaid rent to Pacific Shore. However, Greene states that the unpaid rent was due by no fault of he or Stephens. Rather, because he was in a subsidized unit, the rent was unpaid because both the Federal Government and the State of California failed to provide him with the subsidy for which he was entitled. Plaintiff states that he had a "subsidy matter pending before a California Federal Official," at the time Pacific Shore "presented their unlawful detainer case to 111 North Hill Street, Los Angeles, California, a State Assembly District [that] had issued instructions to a City Council District to oversee city housing concerns of Greene."

As set forth in plaintiff's complaint, it appears the matter was first litigated between Greene and Pacific Shore in California state court, on or about September 16, 2019. Greene states that the California state court "viewed Greene's Government letter as information only. . .[and] made efforts to express from the bench that nothing was in the lease records that substantiated that Greene's housing matter was subsidy related." When the trial court found in favor of Pacific Shore, Greene apparently moved to "transfer" the matter to Colorado. He states that he "subsequently

-3-

became restricted in Colorado at the State and Federal levels." Greene alleges that he additionally attempted to litigate the matter in Nevada State Court, as well as in the United States District Court for the Northern District of Illinois.

Review of Pacer.gov shows that plaintiff Greene filed numerous cases against Pacific Shore since 2019 in several jurisdictions throughout the United States, all of which were dismissed on preservice review. *See Greene v. Pacific Shore Property Management, et al.,* No. 19-10796 (5th Cir. 2019); *Greene v. Pacific Shore Property Management, et al.*, No. 20-10564 (5th Cir. 2020); *Greene v. Pacific Shore Property Management, Inc.,* No. 19-1473 (10th Cir. 2020); *Greene v. Pacific Shore Property Management, Inc.*, No. 19-1474 (10th Cir. 2020); *Greene v. Pacific Shore Property Management, et al.,* No. 22-1185 (10th Cir. 2022); *Greene v. Gomez, et al.,* No. 1:19-CV-85 LTB (D. Colo. Mar. 5, 2019); *Greene v. Pacific Shore Property Management,* No. 1:19-CV-3142 LTB (D. Colo. Nov. 13, 2019); *Greene v. Pacific Shore Property Management*, No. 1:19-CV-3228 LTB (D. Colo. Nov. 22, 2019); *Greene v. Pacific Shore Property Management*, No. 1:19-CV-3387 LTB (D. Colo. Dec. 4, 2019); *Greene v. Pacific Shore Property Management, et al.*, No. 1:22-CV-1287 LRB (D. Colo. May 27, 2022); *Greene v. Pacific Shore Property Management, et al.,* 5:24-CV-283 MTT (M.D. Ga. Feb. 24, 2025); *Greene v. Pacific Shore Property Management, et al.,* No. 3:19-CV-1282 B-BH (N.D. Tex. July 8, 2019); and *Greene v. Pacific Shore Property Management,* 3:20-CV-553 D-BT (N.D. Tex. June 30, 2020).

Because plaintiff did not submit this action on the Court's form complaint, he has not indicated either he or defendants' states of citizenship, although from plaintiff's other actions in this Court, it is apparent that he is a citizen of the State of California. Plaintiff has also indicated in his complaint that the jurisdictional basis for the present action is 18 U.S.C. § 1514, which refers

to an action brought by a government attorney to enforce a restraining action for harassment of a victim or witness. Plaintiff, of course, is not a government attorney, but is instead acting pro se. For relief against defendants, plaintiff seeks monetary damages.

**Discussion**

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried his burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action back to California state court where this case was originally filed. And it does not appear to be in the interest of justice to transfer this case to California Federal Court where this action should have been brought because plaintiff must first comply with the filing restrictions in the California Federal Courts. *See e.g., Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.). As such, the Court

will dismiss this action for lack of proper venue.

Additionally, the Court notes that plaintiff is forum shopping by attempting to relitigate this action in a new court because he previously received a result in a court that was undesirable. Plaintiff's abuse of the judicial system has resulted in filing restrictions and monetary sanctions across the United States. He has a history of filing frivolous actions and attempting to "transfer" cases from court to court without thought to court rules, the Federal Rules of Civil Procedure, how the state or federal appellate system functions or the confines of federal venue.[2] Even if the Court could reverse a ruling by a state court, this Court lacks jurisdiction (and venue) to do so.

As plaintiff has repeatedly been told in his prior cases in this Court, plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that he or the defendants reside within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Valerie Stephen is **STRICKEN** from this action.

---

[2] As noted above, plaintiff has filed the same or similar case throughout the nation. Because plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process, and as it is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right, the Court will additionally dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e) and as a sanction deny plaintiff the ability to proceed in forma pauperis. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED as malicious**. *See* 28 U.S.C. § 1915(e).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 23rd day of April, 2025.

                                                */s/ Catherine D. Perry*
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE